UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 08-178 |
| JEFFREY JOHNSON | SECTION "R" |

**ORDER AND REASONS**

Before the Court is petitioner's motion for a downward adjustment of his sentence for violating the conditions of his supervised release. Petitioner seeks credit for time served in state prison. For the following reasons, the Court denies the motion.

**I.   BACKGROUND**

On August 11, 2010, petitioner Jeffrey Johnson was sentenced by this Court after having pleaded guilty to violations of Title 21, U.S.C. §§ 841(a) and 851(a), distribution of 50 grams or more of cocaine base, and Title 21, U.S.C. §§ 846 and 851(a), conspiracy to distribute 50 grams or more of cocaine base.[1] This Court sentenced the petitioner to 82 months as to each Count, to be served concurrently, followed by a term of five years of supervised release as to each Count.[2] On January 4, 2012, petitioner's

---

[1]   R. Doc. 110.
[2]   *Id.*

sentence was amended to 52 months.[3] Petitioner's supervised release began on March 8, 2012.[4]

On May 30, 2013, petitioner was arrested by state law enforcement officials and charged with various crimes including aggravated flight from an officer and possession with intent to distribute cocaine.[5] On July 9, 2014, petitioner pleaded guilty to aggravated flight from an officer and possession with intent to distribute cocaine and was sentenced to two years as to the first charge and five years as to the second, to be served concurrently.[6] On June 23, 2015, the government filed a rule to revoke petitioner's supervised release based, in part, on his guilty pleas in state court.[7] On July 15, 2015, this Court revoked petitioner's supervised release, sentenced him to 24 months imprisonment, and ordered that the sentence run consecutive to the state sentences.[8]

On April 5, 2016, petitioner filed this motion for downward adjustment of his revocation sentence.[9] Petitioner has since filed two motions to compel judgment on the pleadings.[10]

---

[3]  R. Doc. 118.
[4]  R. Doc. 124
[5]  *Id.*
[6]  *Id.*
[7]  *Id.*
[8]  R. Doc. 134.
[9]  R. Doc. 137.
[10] R. Doc. 140; R. Doc. 141.

## II.   DISCUSSION

The Court will construe petitioner's motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241 because petitioner challenges the execution of his sentence. *See United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (challenge to execution of petitioner's sentence should be filed as a writ of habeas corpus under 28 U.S.C. § 2241 (citing *United States v. Gabor*, 905 F.2d 76, 77–78 (5th Cir. 1990))); *United States v. Garcia–Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988); *see also Sanchez–Quintana v. Davis*, 2001 WL 1397316, *1 (E.D. La. 2001).  In order to entertain jurisdiction over a section 2241 habeas petition, the federal district court must have jurisdiction over the petitioner or his custodian when the petition is filed.  *Gabor*, 905 F.2d at 78 (citing *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978)); *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978), cert. denied, 439 U.S. 1077 (1979).  Accordingly, a petitioner must file his habeas petition in the federal district in which he is physically present. *Id.*  Here, it is undisputed that petitioner filed this petition from the federal penitentiary in Oakdale, Louisiana, which is in the Western District of Louisiana.  Therefore, the Court finds that it does not have jurisdiction to afford petitioner the relief he seeks.  Additionally, the petition is not properly before this Court because petitioner has not shown that he has exhausted his

administrative remedies as required under section 3585(b). *See United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) ("a necessary condition to obtaining § 3585(b) credit is that the offender must first exhaust his administrative remedies before the Bureau of Prisons" (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992))). Because petitioner filed his petition in the wrong court and has not shown that he has exhausted his administrative remedies, this Court dismisses his petition without prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES petitioner's motion. IT IS HEREBY ORDERED that Johnson's petition is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __6th__ day of September, 2016.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE